1  **WO**                                                                                               RP
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                         **FOR THE DISTRICT OF ARIZONA**
8
9  Demont Oshaun Hill,                    )   No. CV 09-1597-PHX-MHM (MEA)
                                          )
10                Petitioner,              )   **ORDER**
                                          )
11 vs.                                    )
                                          )
12                                        )
   Charles Ryan, et al.,                  )
13                                        )
                  Respondents.             )
14                                        )
                                          )
15

16    Petitioner Demont Oshaun Hill, who is confined in the Arizona State Prison Complex-
17 Lewis, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254
18 (Doc. #1). The $5.00 filing fee has been paid. The Court will require an answer to the
19 Petition.

20 **I.    Petition**

21    Named as Respondent in the Petition is Charles Ryan. The Attorney General of the
22 State of Arizona is named in the Petition as an Additional Respondent.

23    In his Petition, Petitioner challenges his judgment of conviction on November 15,
24 1995, for Conspiracy to Commit Armed Robbery (non-dangerous) and Attempted Armed
25 Robbery, entered in the Maricopa County Superior Court in matter #CR 94-04343. Petitioner
26 alleges he was sentenced to a ten-year term of imprisonment for Conspiracy to Commit
27 Armed Robbery, and a fifteen-year term of imprisonment for Attempted Armed Robbery.
28    Petitioner presents five grounds for habeas corpus relief in the Petition:

(1) "Did [the] trial court violate Fifth and Fourteenth Amendments of the U.S. Constitution by wrongfully sentencing me under an incorrect application of the sentencing guidelines?";

(2) "Does the Eighth and Fourteenth Amendment prohibit the imposition of a sentence that is grossly disproportionate to the severity of the crime?";

(3) "Did [the] trial court erroneously order sentences to be served consecutively, violating the Fifth and Fourteenth Amendment[s] of the U.S. Constitution?";

(4) "Did [the] trial court commit fundamental error by giving a Pinkerton instruction denying due process of law in violation of the Sixth and Fourteenth Amendments of the U.S. Constitution?"; and

(5) "Does the [Fifth] Amendment guard against being twice punished for a greater crime (Attempted Armed Robbery) being served consecutive to its lesser underlying crime (Conspiracy to Commit Armed Robbery)?"

Petitioner affirmatively alleges that he has presented the issues in Grounds Three, Four, and Five to the Arizona Court of Appeals and the Arizona Supreme Court. Petitioner alleges that he has not presented the issues in Grounds One and Two to the Arizona Court of Appeals or the Arizona Supreme Court.

Although it appears that Petitioner has not properly exhausted Grounds One and Two in the state courts as required, it also appears that Petitioner may now be procedurally barred from seeking review in the state courts, and therefore, no additional state remedies remain open to him. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether claims were procedurally barred). An answer is therefore required.

**II.     Warnings**

**A.     Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other

relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.     Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Clerk of Court **must serve** a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2)     Respondents **must answer** the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3)     Petitioner **may file** a reply within 30 days from the date of service of the answer.

(4) This matter is **referred** to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 5th day of November, 2009.

_____
Mary H. Murguia
United States District Judge