# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DEMONT OSHAUN HILL, ) | |
| ) | |
| Petitioner, ) | CIV 09-01597 PHX MHM (MEA) |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| CHARLES L. RYAN, TERRY GODDARD, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

**TO THE HONORABLE MARY H. MURGUIA:**

On or about August 3, 2009, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 15) on February 4, 2009. Respondents contend the action for habeas relief should be denied and dismissed because Petitioner failed to file his action within the applicable statute of limitations. Respondents also argue Petitioner failed to properly exhaust all of his habeas claims in the state courts. On March 9, 2010, a Report and Recommendation was filed recommending the petition be denied and dismissed. See Docket No. 19. On March 10, 2010, Petitioner's response to the answer to his habeas petition was docketed. See Docket No. 17. The first Report and Recommendation was vacated on March 24, 2010. See Docket No.

20.

**I Procedural History**

A Maricopa County grand jury indictment issued May 18, 1994, charged Petitioner and a co-defendant with conspiracy to commit armed robbery (Count I); first-degree murder (Count II); attempted armed robbery (Count III); and aggravated assault (Count IV). See Answer, Exh. A. All of the offenses were alleged to occur on the same day and the murder victim was also a victim of the attempted armed robbery.

At the conclusion of a jury trial conducted in November of 1995 Petitioner was found guilty of conspiracy to commit armed robbery and guilty of attempted armed robbery. The jury found Petitioner not guilty of murder and not guilty of aggravated assault. Id., Exh. B.

On January 12, 1996, after an aggravation and mitigation hearing, Petitioner was sentenced to a term of ten years imprisonment pursuant to his conviction for conspiracy to commit armed robbery (Count I). Id., Exh. C. Petitioner was sentenced to a sentence of fifteen years imprisonment pursuant to his conviction on the charge of attempted armed robbery (Count III). Id., Exh. C. The state trial court ordered that the sentence on Count III be served consecutively to the sentence imposed on Count I. Id., Exh. C at 6.[1]

---

[1] Accordingly, Petitioner has finished serving the sentence imposed pursuant to his conviction for conspiracy to commit armed robbery.

-2-

Petitioner took a direct appeal of his convictions and sentences. Id., Exh. D. Petitioner asserted he was denied his right to due process of law because the jury was given a "Pinkerton"[2] instruction. Petitioner also asserted the imposition of consecutive sentences was not proper. Id., Exh. D.

In a decision issued January 17, 1997, the Arizona Court of Appeals concluded that giving the instruction was error, but that the error was harmless because the jury had not convicted Petitioner based on the erroneous instruction. See id., Exh. D at 3. The Court of Appeals further stated that the consecutive sentences were not improper. Id., Exh. D. Petitioner sought review of this decision by the Arizona Supreme Court, arguing the jury had been instructed on a "nonexistent theory of criminal liability," which constituted a structural

---

[2] In Pinkerton v. United States, 328 U.S. 640, 646-47, 66 S. Ct. 1180, 1183-84 (1946), the Supreme Court held that a member of a conspiracy may be held liable for the substantive crimes committed by his co-conspirator in furtherance of the conspiracy. In affirming the denial of habeas relief in an unpublished opinion which is not precedential but which is indicative of the reasoning of the Ninth Circuit Court of Appeals, the Ninth Circuit stated:
> Gaitan contends that his due process rights were violated when the trial court submitted a Pinkerton instruction to the jury. After viewing the instruction in the context of the jury instructions as a whole, we disagree because the Pinkerton instruction by itself did not so infect the entire trial that Gaitan's conviction violates due process. See Estelle v. McGuire, 502 U.S. 62, 72-73, 112 S. Ct. 475, 116 L.Ed.2d 385 (1991); Masoner v. Thurman, 996 F.2d 1003, 1006 (9th Cir. 1993).

Gaitan v. Stewart, 1998 WL 700294, at * 1.

defect not amenable to harmless error analysis. Id., Exh. D. The Arizona Supreme Court denied review in a decision issued May 28, 1997. Id., Exh. E.

Petitioner filed an action seeking post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on April 29, 2002. Id., Exh. F. Petitioner re-asserted the claims stated in his direct appeal and also claimed that the government had committed perjury in Petitioner's direct appeal. Petitioner acknowledged his Rule 32 action was not timely but alleged he had not previously been aware of the availability of post-conviction relief or the time limitations regarding post-conviction relief. Petitioner further asserted his recent awareness of the government's misstatements in its pleadings in his direct appeal constituted newly discovered evidence which excused his untimely Rule 32 action, Id., Exh. F. The state trial court denied relief and dismissed Petitioner's Rule 32 action on May 31, 2002. Id., Exh. G.

Petitioner filed his federal habeas petition on August 3, 2009. Petitioner asserts:

1. The state trial court violated his right to due process of law by wrongfully sentencing him "under an incorrect application of the sentencing guidelines".

2. His sentences are grossly disproportionate to the severity of his crimes, in violation of his right to due process and the Eighth Amendment.

3. The state trial court erroneously ordered his sentences be served consecutively, in violation of his rights to

-4-

due process of law.

4. The state trial court committed fundamental error by giving the jury a Pinkerton instruction, in violation of Petitioner's right to due process of law and his right to a fair trial.

5. His Fifth Amendment right to be free of double jeopardy has been violated because he is being "twice punished for a greater crime (Attempted Armed Robbery) being served consecutive to its lesser underlying crime (Conspiracy to Commit Armed Robbery)".

Respondents assert the federal habeas petition must be dismissed because it was not filed within the applicable statute of limitations. Respondents further argue Petitioner did not properly exhaust all of his federal habeas claims in the Arizona state courts.

**II Analysis**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the

pertinent judgment or claim." 28 U.S.C. § 2244(d)(2)(2006 & Supp. 2009). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).

The Arizona Supreme Court denied review in Petitioner's direct appeal in a decision issued May 28, 1997. Accordingly, Petitioner's convictions and sentences became final for the purpose of the statute of limitations on or about August 28, 1997, when the time expired for seeking certiorari by the United States Supreme Court in his direct appeal. See, e.g., Randle v. Crawford, 578 F.3d 1177, 1184-85 (9th Cir. 2009).

The statute of limitations began to run on August 29, 1997, and expired on August 30, 1998. See Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001). Petitioner did not file his federal habeas action until August 3, 2009, almost eleven years after the statute of limitations expired. Petitioner's action seeking state post-conviction relief, filed in April of 2002, more than three years after the statute of limitations expired, could not and did not restart the already-expired statute of limitations for filing Petitioner's federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). A state-court petition that is filed after the expiration of the statute of limitations under the AEDPA does not revive the running of the limitations period. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir.

2001); Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001).

In response to the assertion that his habeas petition was not timely filed, Petitioner again asserts that his constitutional rights have been violated and that he is, accordingly, entitled to relief. Petitioner maintains that he has exhausted his federal habeas claims in the state courts and that he has established cause and prejudice to excuse any procedural default of his habeas claims. Petitioner does not directly address the argument that his federal habeas petition was not filed within the deadline stated by the AEDPA. Petitioner asserts that, until he finished serving his sentence for conspiracy to commit armed robbery, he could not contest the validity of his sentence for attempted armed robbery without incriminating himself. Petitioner further contends that he has recently become innocent by completely serving his sentence for conspiracy to commit armed robbery because the sentence imposed for attempted armed robbery violates his federal constitutional rights, including his right to be free of double jeopardy. See Docket No. 18.

Petitioner is not entitled to the equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005). See also Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009).

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris, 515 F.3d at 1054-55 & n.4; Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling is to be rarely granted. See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000) (holding this remedy is "typically applied sparingly"). The petitioner must establish a causal connection between the alleged roadblock to their timely filing of their federal habeas petition and the actual failure to file the petition on time. See Gaston, 417 F.3d at 1034; Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005). It is Petitioner's burden to establish that equitable tolling is warranted in his case. See Espinoza Matthews, 432 F.3d at 1026; Gaston, 417 F.3d at 1034.

A petitioner's *pro se* status, ignorance of the law, and

lack of representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). Additionally, a federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence "throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000). See also Chaffer, 592 F.3d at 1049; Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

**III Conclusion**

The federal habeas petition was not filed within the one-year statute of limitations and Petitioner has not provided a basis for equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED** that Mr. Hill's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil

-9-

Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 25th day of March, 2010.

_____
Mark E. Aspey
United States Magistrate Judge

-10-