**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DEMONT OSHAUN HILL, | No. CV 09-1597-PHX-MHM (DKD) |
| Petitioner, | **ORDER** |
| vs. | |
| CHARLES L. RYAN, et. al., | |
| Respondents. | |

Petitioner pro se, Demont Oshaun Hill ("Petitioner"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 3, 2009. (Dkt. #1). The matter was assigned to United States Magistrate Judge Mark E. Aspey, who issued a Report and Recommendation on March 25, 2010, (Dkt. #21) recommending that the Court deny and dismiss with prejudice the Petition for Writ of Habeas Corpus. Petitioner filed a written objection to the Report and Recommendation on April 5, 2010. (Dkt. #22).

**STANDARD OF REVIEW**

A district court must review the legal analysis in a Magistrate Judge's Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). In addition, a district court must review the factual analysis in the Report and Recommendation de novo for those facts to which objections are filed. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); see also 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made.") "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

**DISCUSSION**

Petitioner objects to the Report and Recommendation on two grounds: (1) that had it not been for Constitutional error, no other Judge would have "illegally" sentenced him to twenty-five years in prison for the crimes of conspiracy to commit armed robbery and attempted armed robbery; (2) that he cannot self-incriminate in violation of the Fifth Amendment in order to satisfy the deadline for filing a federal habeas petition, as set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Dkt. #22). In addition, Petitioner alleges several constitutional violations that are not relevant to the Report and Recommendation. Specifically, he claims that the denial and dismissal with prejudice of his habeas petition, "without considering [the Magistrate Judge's] overriding obligation to serve the cause of justice," is "erroneous." (Id., p.2). He also claims that by entertaining his habeas petition, this Court will not cause any "unwarranted encroachment on the principles of comity and finality." (Id.).

AEDPA imposes a one-year statute of limitations on state prisoners seeking federal habeas relief from state convictions. See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The statute of limitations begins to run at "the conclusion of the Rule 32 of-right proceeding and review of the proceeding, or [upon] the expiration of the time for seeking such proceeding or review." Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). AEDPA provides that a petitioner is entitled to the tolling of the statute of limitations during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2); see also Artuz v. Bennet, 531 U.S. 4, 8 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008). However, a state court petition that is filed after the expiration of the statute of limitations does not revive the running of the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

AEDPA is also subject to the doctrine of equitable tolling when a petitioner's untimely filing is attributable to extraordinary circumstances that are beyond his control and unavoidable even with due diligence. 28 U.S.C. § 2244(d)(1); see Pace v. DiGulielmo, 544 U.S. 408, 418 (2005); Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir.), cert. denied, ___ U.S. ___, 130 S. Ct. 244 (2009). Equitable tolling is rarely granted. See e.g., id. at 1011. The petitioner must establish a causal connection between the alleged roadblock to the timely filing of their federal habeas petition and the actual failure to file the petition on time. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). It is the petitioner's burden to establish that equitable tolling is warranted in his case. See Id. at 1034. A petitioner's pro se status, ignorance of the law, or lack of representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Waldron-Ramsey, 556 F.3d at 1011-14; Chaffer, 592 F.3d at 1048-49. Additionally, a federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence throughout the period he seeks to toll. Id. at 1049.

In the present case, the Arizona Supreme Court denied review in Petitioner's direct appeal in a decision issued on May 28, 1997. (Dkt. #1). Accordingly, Petitioner's convictions and sentences became final for the purpose of the statute of limitation on August 28, 1997, when the time expired for seeking certiorari by the United States Supreme Court in his direct appeal. See, e.g., Randle v. Crawford, 578 F.3d 1177, 1184-85 (9th Cir. 2009). The statute of limitations began to run on August 29, 1997, and expired on August 30, 1998. See Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001). Petitioner did not file his federal habeas action until August 3, 2009, almost eleven years after the statute of limitations expired. (Dkt. #1). Petitioner's action seeking state habeas corpus relief, filed in April of 2002, more than three years after the statute of limitations expired, did not restart the already expired statute of limitations for filing his federal habeas action. See Ferguson, 321 F.3d at 823.

1         Furthermore, Petitioner is not entitled to equitable tolling of the statute of limitations. He makes no claim and has asserted no facts that the untimely filing of his federal habeas petition was a result of extraordinary circumstances that were beyond his control and unavoidable even with due diligence. (Dkt. ## 17, 18, 22). He does assert that until he finished serving his sentence for conspiracy to commit armed robbery, he could not contest the validity of his sentence for attempted armed robbery without incriminating himself. (Dkt. ##18, 22). He further asserts that he has recently become innocent by completely serving his sentence for conspiracy to commit armed robbery because the sentence imposed for attempted armed robbery violates his constitutional rights, including his right to be free from double jeopardy. (Id.). Petitioner's constitutional claims are not among the extraordinary circumstances that would effectuate equitable tolling, as recognized by the Ninth Circuit or the Supreme Court of the United States. See e.g. Pace, 544 U.S. at 418; Chaffer 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14. Finally, Petitioner's vague claims that the Magistrate Judge's Report and Recommendation violates the Court's "overriding obligation to serve the cause of justice" in no sense constitutes extraordinary circumstances suitable for equitable tolling.

        **Accordingly**,

        **IT IS HEREBY ORDERED** overruling Petitioner's Objections to the Magistrate Judge's Report and Recommendation. (Dkt. #22).

        **IT IS FURTHER ORDERED** adopting the Magistrate Judge's Report and Recommendation in its entirety as Order of this Court. (Dkt. #21).

        **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. #1) is denied and dismissed with prejudice. (Dkt. #1).

///

**IT IS FURTHER ORDERED** denying Petitioner's Certificate of Appealability, as Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 29th day of June, 2010.

_____
Mary H. Murguia
United States District Judge